## HIBBARD & CARPENTER, EX'RS, v. CLARK AND TRUSTEES.

Where in a writ the defendant was required to answer on the *third* Tuesday of March, 1874, and by the copy of the writ served on him he was required to answer on the *first* Tuesday of March, 1874, and the defendant, in pleading this variance in abatement, after enrolling the writ with the officer's return thereon and the copy, averred that by the writ he was required to answer on the third Tuesday of March, 1874, and by the copy " delivered to him by the officer who served said writ when his the defendant's goods and estate were attached upon said writ," he was required to answer on the first Tuesday of March, 1874; and where it appeared by the officer's return on the writ that the goods and estate of the defendant were attached November 19, 1873, and that an attested copy was served on him February 13, 1874—*Held, non constat*, that the copy which the officer returns that he served on the defendant, February 13, 1874, is the same copy which the defendant produces in court, and alleges was delivered to him November 19, 1873, when his goods and estate were attached, and that the plea is bad.

A writ will not be quashed on motion, unless for some defect apparent on the writ.

DEBT, by Sarah K. Hibbard and Alonzo P. Carpenter, executors of Harry Hibbard, against Joseph Clark and trustees, upon a judgment. The writ was in common form, and was returnable at Haverhill in the

western judicial district of said county, on the third Tuesday of March, 1874. The officer's return showed that the writ was served upon the trustees November 19, 1873, and showed no attachment of any other property except the funds in the trustees' hands, and that service was made upon the principal defendant on the 13th day of February, 1874. The defendant pleaded in abatement, and craved oyer of the writ and the officer's return which were enrolled, and showed the facts above stated. The defendant then produced in court the copy of the said writ and *declaration* served upon him by the officer in the action aforesaid, and enrolled the same. The plea then proceeds: "Where-upon the said Joseph Clark prays judgment of the writ aforesaid, and that the same may abate, because he says that the said copy of the said plaintiffs' said writ and declaration aforesaid, delivered to him by the officer who served said writ when his the defendant's goods and estate were attached upon said writ, is not, and when so served was not, in the form prescribed by law, in this, to wit, that by said writ the defend-ant is required to answer to the plaintiffs before the supreme judicial court, to be holden at Haverhill, in the western judicial district of said county of Grafton, on the *third* Tuesday of March then next, to wit, the third Tuesday of March, 1874; and in and by the copy of the plain-tiffs' said writ and declaration aforesaid, delivered to the defendant as aforesaid, the said defendant is required to answer to said plaintiffs in a suit before said supreme judicial court, to be holden at Haverhill, in the western judicial district of said county of Grafton, on the *first*.Tues-day of March then next, to wit, the first Tuesday of March, 1874, and this he is ready to verify; wherefore the defendant prays judgment of the said writ, and that the same may be quashed and for his costs." To this plea the plaintiff demurred generally, and also filed the fol-lowing special causes of demurrer: "(1) It is nowhere alleged in the plea that the copy served on the defendant is not an 'attested copy' of the writ, but only that it is not in the form prescribed by law; whereas *it is* required by law to be in no particular form, but only that it be an attested copy. (2) The return shows a service on the defendant, Feb. 13, 1874; the plea alleges that the copy delivered to the de-fendant *when his goods were attached* was not, &c. The return shows the attachment made Nov. 19, 1873. It may well be, consistently with the plea, that the officer gave the copy produced and enrolled to the defendant Nov. 19 as alleged, and afterwards, Feb. 13, discovered his mistake and gave another and correct copy." The defendant's counsel also on the third day of the term entered upon the docket a motion to quash the plaintiffs' writ, and called the attention of the court to his said motion.

*Carpenter*, for the plaintiffs.

*Chapman*, for the defendant.

ISAAC W. SMITH, J.　The defendant in his plea alleges that the copy

of the writ " delivered to him by the officer who served the writ when his the defendant's goods and estate were attached upon said writ, is not, and when so served was not, in the form prescribed by law, in this, to wit," &c.

It appears by the officer's return that the defendant's property in the hands of the trustees was attached November 19, 1873, and that service was made on the defendant February 13, 1874. *Non constat* that the copy which the officer returns that he served upon the defendant February 13, 1874, is the same copy which the defendant produces in court, and which he says was delivered to him when his property was attached, to wit, November 19, 1873. From anything that appears in the plea, the defective copy was delivered to the defendant November 19, 1873, and a correct copy February 13, 1874. The plea, which is a part of the record before us, shows that the defective copy was served November 19, 1873, while the officer's return, which by being enrolled becomes a part of the same record, shows that on February 13, 1874, an attested copy, which means a true copy attested, was left with the defendant, and there is no contradiction in the record. The ground on which a party is permitted to contradict the return of the officer and show a want of service in the process is, that the adverse party shall not be estopped to take advantage of the truth where it appears of record. Coke Litt. 352 b ; Comyn's Dig., Estoppel, E 2; *Lary* v. *Evans*, 35 N. H. 175.

The matter of abatement on which the defendant relies is not stated with the exactness and precision required in this class of pleas. Unless it is stated in the plea what the defect relied on is, so that the court is not left to discover or conjecture what ground is meant to be taken to abate the writ, the plea will be adjudged insufficient. *Parker* v. *McKean*, 34 N. H. 375.

The motion to quash the writ must be denied. The court will abate an action upon motion, only when the abatable defects are apparent upon the writ itself. *Insurance Company* v. *Prescott*, 38 N. H. 398 ; *Tilton* v. *Parker*, 4 N. H. 143 ; *Crawford* v. *Crawford*, 44 N. H. 428 ; *Seaver* v. *Allen*, 48 N. H. 473 ; *Scruton* v. *Deming*, 36 N. H. 432. There is no defect apparent upon this writ. It is not claimed that the defect is in the writ, but in the copy ; besides, there is nothing in the case that shows that any reason was assigned, either in writing or verbally, why the motion should be granted, unless it is claimed that the reason is set forth in the plea. If so, it is sufficient answer to say that it is not set forth with the precision required.

*Motion to quash denied. The demurrer must be allowed, and the defendant answer over.*